IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 APR 10 AM 9:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

VICTOR ALLEN WOODS,                )
                                   )
      PLAINTIFF,                   )
                                   )
VS.                                )   CV-H-02-522-S
                                   )
CITY OF BIRMINGHAM, a Municipal    )
Corporation; CITY OF BIRMINGHAM    )
POLICE DEPARTMENT; CARNELLA        )
GREEN NORMAN, Individually and     )
Officially; RODNEY SMITH,          )
Individually and Officially; and   )
STEVE W. DRUMMER, Individually     )
and Officially,                    )
                                   )
      DEFENDANTS.                  )

ENTERED
APR 1 0 2002

## MEMORANDUM OF DECISION

On *February 27, 2002* plaintiff filed his complaint invoking the federal question jurisdiction of this court to pursue claims against City of Birmingham, a Municipal Corporation; City of Birmingham Police Department; Carnella Green Norman, Individually and officially; Rodney Smith, Individually and Officially; and Steve W. Drummer, Individually and Officially. The federal question claims are under 42 U.S.C. § 1983, and the other claims are pursued under this court's supplemental jurisdiction as state law claims.

9

On April 8, 2002 defendants' filed a motion to dismiss.[1] The motion to dismiss correctly points out that the City of Birmingham Police Department is not an entity subject to suit, and it is due to be dismissed as a defendant herein.

The "STATEMENT OF FIRST CLAIM" fails to state a claim against any defendant, and it is due to be dismissed.

The "STATEMENT OF SECOND CLAIM" charges defendants Smith and Drummer, acting under color of state law, with arresting and restraining him on *February 26, 2000* without a warrant or probable cause, thereby depriving him of rights secured to him by the United States Constitution.  Defendants correctly point out that the complaint on its face reflects that such alleged constitutional deprivation occurred more than two years prior to the commencement of this action.  The claims stated in "STATEMENT OF SECOND CLAIM" are barred by the relevant two year statute of limitations, and the motion seeking to have those claims dismissed on the basis of such statute of limitations is due to be granted.

The "STATEMENT OF THIRD CLAIM" charges that Carnella Green Norman, while acting as presiding municipal court judge, under color of state law and within the line and scope of her employment, on April 13, 2000 seized and falsely imprisoned plaintiff in violation of the United States Constitution when she

---

[1] The motion includes an alternative motion for summary judgment, with supporting evidence.  The court does not address the alternative motion for summary judgment or consider any of the evidence attached thereto.

2

restrained plaintiff's freedom to walk away from his public intoxication charge and forced him to trial.[2] The motion to dismiss correctly points out that defendant Carnella Green Norman is absolutely immune from the acts charged against her, and the "STATEMENT OF THIRD CLAIM" is due to be dismissed.

The "STATEMENT OF FOURTH CLAIM" and the "STATEMENT OF SIXTH CLAIM,"[3] at best, charge some combination of defendants with claims under state law over which this court has only supplemental jurisdiction under 28 U.S.C. § 1367. Inasmuch as all federal question claims will be dismissed from this action the court will decline to exercise supplemental jurisdiction over such state law claims and, pursuant to § 1367(a) and (d), dismiss them without prejudice to plaintiff pursuing such claims in a state court.

A separate final judgment will be entered.

DONE this _10th_ day of April, 2002.

                                     _____
                                     SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Inconsistent with this allegation plaintiff states that Judge Norman was acting "wholly without jurisdiction." The court takes judicial notice that on April 13, 2000 Carnella Green Norman was in fact the presiding judge of the Municipal Court of Birmingham.

[3] The "STATEMENT OF FIFTH CLAIM" was the one naming the City of Birmingham Police Department.

3